UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07842-R (AS) | Date | July 1, 2016 |
|---|---|---|---|
| Title | Jose Armando Algire v. Tim Perez, Warden | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On October 6, 2015, Jose Armando Algire ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). The Petition asserts the following grounds for federal habeas relief:

(1) "Trial court violated [P]etitioner's due process rights by admitting a secretly-made recording despite statutory ban on admitting such evidence";
(2) "Court of Appeal violated [Pe]titioner's due process right by retroactively applying a new interpretation of Cal. Pen. Code § 632 based on fact it had been re-enacted without change";
(3) "Court of Appeal violated U.S. Constitution's ex post facto clause by retroactively imposing new interpretation of key statute [Cal. Pen. Code § 632]";
(4) Trial court violated [P]etitioner's due process rights by excluding his expert's transcript of inaudible portions of recording but admitting prosecutor's unsupported transcript"; and
(5) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to (a) "interview witnesses who could have bolstered his case and/or impeached the complaining witness's accusations," (b) call some witnesses to testify at trial, and (c) to ask crucial questions to a witness who testified at trial; and his appellate counsel's failure to raise the ineffective assistance of trial counsel claim and "other issues" on appeal. (Petition at 5-6).

On April 21, 2016, the Court issued an Order ordering Petitioner to select one of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07842-R (AS) | Date | July 1, 2016 |
|---|---|---|---|
| Title | Jose Armando Algire v. Tim Perez, Warden | | |

four identified options. (Docket Entry No. 22).[1] The Court expressly warned Petitioner that the failure to timely file a response to the Order may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and/or obey Court orders pursuant to Fed.R.Civ.P. 41(b). (Id. at 7). The Court further warned Petitioner that the Petition would be subject to dismissal as a mixed petition if he failed to select one of the four options identified in the April 21, 2016 Order. (Id.).

On May 16, 2016, after noting that Petitioner had failed to file a response to the Court's April 21, 2016 Order, the Court issued an Order to Show Cause within twenty days of the date of the Order to Show Cause (by June 6, 2016) why this action should not be dismissed as a mixed petition. (Docket Entry No. 23). The Court advised Petitioner that he could respond to the Order to Show Cause by availing himself of one of the four options set forth in the Court's April 21, 2016 Minute Order (which the Court identified). (Id. at 2-3). The Court expressly warned Petitioner that the failure to comply with the Order to Show Cause would result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or comply with Court orders pursuant to Fed.R.Civ.P. 41(b), and/or that the Petition be dismissed without prejudice as a mixed petition. (Id. at 3).

As of today's date, Petitioner has failed to file a response to the May 16, 2016 Order to Show Cause or to the April 21, 2016 Order.

Accordingly, Petitioner, one final time, is **ORDERED TO SHOW CAUSE why this action should not be dismissed as a mixed petition**, pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982).

---

[1] The Court noted that it had already denied Petitioner's motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005) and that Petitioner had not filed an Opposition to Respondent's Motion to Dismiss the Petition which contended that Ground One, Ground Two (alleging a violation of due process, as opposed to a violation of the doctrine of separation of powers) and Grounds Three through Five of the Petition were unexhausted. The Court found that Ground One was exhausted but that Ground Two (alleging a violation of due process, as opposed to a violation of the separation of powers) and Grounds Three through Five were unexhausted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07842-R (AS) | Date | July 1, 2016 |
|---|---|---|---|
| Title | Jose Armando Algire v. Tim Perez, Warden | | |

Petitioner may file a response to this Order by availing himself of one of the four options set forth in the Court's April 21, 2016 Minute Order:

(1) specifying the exact page and lines of the California Supreme Court pleading on which Ground Two (alleging a violation of due process, as opposed to a violation of the doctrine of the separation of powers) and Grounds Three through Five of the Petition were alleged;

(2) voluntary dismissal of the entire action without prejudice;

(3) voluntary dismissal of the unexhausted claims (Ground Two alleging a violation of due process and Grounds Three through Five), and proceeding on the exhausted claim (Ground One); and

(4) Dismissing the unexhausted claims (Ground Two alleging a violation of due process and Grounds Three through Five), and moving for a stay of this action pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled in part on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007).

Information regarding the requirements for, and potential consequences of, each of these options are explained in the Court's April 21, 2016 Order, <u>a copy of which is attached</u>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07842-R (AS) | Date | July 1, 2016 |
|---|---|---|---|
| Title | Jose Armando Algire v. Tim Perez, Warden | | |

Petitioner must file a response to this Order within twenty (20) days (by no later than **July 21, 2016**).

**Petitioner is warned that failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and/or comply with Court orders pursuant to Fed.R.Civ.P. 41(b) and/or dismissal without prejudice as a mixed petition.**[2]

|  | 0 : 00 |
|---|---|
| Initials of Preparer | AF |

---

[2] The Court notes that the Petition, filed on October 6, 2015, was timely because it was filed one day prior to the expiration of the one-year statute of limitations. If Petitioner does not comply with this Order and this action is dismissed, any subsequent federal habeas petition filed by Petitioner may be time barred, since a petitioner is not entitled to statutory tolling during the pendency of a federal habeas petition. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("We hold that an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").